FILED

JUN 0 7 2005



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 04-30065 (01) |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| KENNETH D. HACKER, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

During the course of the lengthy sentence hearing conducted in this case yesterday, I failed to make all necessary findings on the record. It is important that such findings be made so that, if the case is appealed, the Court of Appeals will know the thinking and findings of the trial court. This Order will serve to correct the sentence that would otherwise be clear error in the absence of the necessary findings. Fed.R.Crim.P. 35.

I alluded to and discussed the two level enhancement for obstruction of justice. I cited United States v. Odedina, 980 F.2d 705 (11th Cir. 1993). I discussed the failure of the defendant to disclose his felony conviction in Oklahoma for obtaining merchandise and money by means of a false and bogus check. I discussed the fact that the defendant spent 115 days in jail on that conviction and thus could not have simply forgotten to disclose it. I did not specifically find that the defendant attempted to obstruct justice and that two points should be added pursuant to the advisory sentencing guidelines. I now specifically so find. This brings his adjusted offense level to 23. Such conduct of the defendant was also discussed in the addendum. I also discussed the normal rule that, if points are given for attempted obstruction of justice, no points are given for acceptance of responsibility. I find that this is not an unusual case where, after obstruction has been found, points are awarded for acceptance. The defendant has failed to demonstrate that he has clearly accepted responsibility. Therefore, points will not be awarded for acceptance.

With these findings and rulings, his total offense level is 23. With a criminal history category of VI, his advisory guideline range is 92-115 months.

I made it clear and state again that the defendant is not entitled to what was formerly called a downward departure based on his physical or mental health. His problems with narcolepsy can be treated successfully. His problems with depression stem from his failure to take his prescribed medication. Those can be monitored in custody.

I made it clear at sentencing and in my memorandum to counsel dated March 13, 2005, (a copy of which is attached to this Order) that I believed the defendant was a career criminal, that his occupation throughout his adult lifetime has been stealing money, that his criminal history category (VI) was not adequate, that his criminal history category does not adequately represent the likelihood that he will commit further crimes or encompass adequately his past criminal conduct, and that the court thought an upward departure (as the same was described under the pre-Booker regime) was required.

I discussed at sentencing the fact that the defendant had been released from a 60 day jail sentence in Massachusetts, the purpose being to allow defendant to return to Rosebud for the funeral of his deceased brother. The defendant used the opportunity to steal from his Mother his deceased brother's life insurance proceeds. The defendant also engaged in an extensive course of conduct resulting in bringing his Mother into legal jeopardy by forging her name on checks and withdrawals. As I pointed out, it is entirely reprehensible to steal from your parents and siblings, more so than simply stealing from others. The defendant's conduct was unusually heinous, cruel, and degrading to his Mother, Marlene Iron Shell, at one time a co-defendant in this case as a result of the criminal activities of the defendant. Although such conduct does not come within the language of 5K2.8 (since Marlene Iron Shell is not the victim of the crime of conviction), the court takes such extreme conduct into account in deciding the appropriate sentence. A person who would steal under the circumstances here from your family would not hesitate to steal from strangers, a course of conduct which the defendant has consistently followed. There are also 12 outstanding warrants for his arrest, including eight in South Dakota, one in New York, two in Massachusetts, and one in Oklahoma. With this conviction and sentence in federal court, it is likely that some or all of those cases will "go away." All involve acts of dishonesty.

To the extent that the defendant's sentence could be called an upward departure, I departed to an offense level of 29. With a criminal history category of VI, the advisory range is 151-188 months and a 180 month sentence is appropriate.

The sentence orally imposed is corrected by these additions and clarifications.

Dated this 7th day of June, 2005.

BY THE COURT:

_Charles B. Kornmann_
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Barbara J. Jaepke_
DEPUTY
(SEAL)

## UNITED STATES DISTRICT COURT
## MEMORANDUM

Date: March 13, 2005
To: Counsel
Re: U.S. v. Hacker, 04-30065-01
From: Judge Kornmann

    I realize that the parties have stipulated that the court may find facts at the sentence hearing pursuant to the Guidelines and that the defendant, in effect, waives any claims that the Guidelines are unconstitutional. I intend, however, to treat the Guidelines as advisory only, pursuant to Booker. If that constitutes a partial rejection of the plea agreement, so be it.

    In fact, I may reject the entire plea agreement.

    I believe this defendant is a career criminal. His occupation is stealing money. His criminal history category is not adequate. It certainly does not encompass adequately his past criminal conduct. Nor does it adequately represent the likelihood that he will commit further crimes. An upward departure (to the extent there is such a thing under the advisory Guidelines) is under consideration by the court for the reasons stated as well as the grounds identified in the presentence report.

    I believe the defendant has, in effect, retained the right to appeal any sentence that is unreasonable under the teaching of Booker.

    If you have any questions, please let me know.

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE
United States Courthouse
102 Fourth Avenue SE, Suite 408
Aberdeen, SD 57402
605-226-7280

cc: Zachary Peterson
    Cynthia J. Wixon-Loecker, U.S.P.O.